**UNITED STATES DISTRICT COURT**
**PROBATION OFFICE**
# DISTRICT OF NEW JERSEY

**CHRISTOPHER MALONEY**
CHIEF PROBATION OFFICER

DEPUTY CHIEF PROBATION OFFICERS
**ERIC K. SNYDER**
**MATTHEW F. MILLER**

October 21, 2005

RECEIVED
WILLIAM T. WALSH, CLERK

2005 OCT 28  A 10: 30

SUPERVISION UNIT
20 WASHINGTON PLACE
6TH FLOOR
NEWARK, NJ 07102-3172
(973) 645-6161
FAX: (973) 645-2155

Honorable William G. Bassler, USDCJ
United States District Court
District of New Jersey
Post Office Box 999
Newark, NJ 07102-0999

           RE:    COPELAND, Ramon
                   Case No. 2:99-CR-347-01
                   **STATUS REPORT**

Dear Judge Bassler:

On April 20, 2000, Your Honor sentenced Ramon Copeland for Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922 (g)(2), to 37 months in custody. The court ordered a five year term of supervised release with the following special conditions: drug testing/treatment, a $500 fine, and a $100 special assessment. Copeland continues to violate conditions of supervised release and we ask the court to provide guidance as to a possible course of action.

Copeland was arrested on the instant federal offense on April 25, 1999, and was released on bail. While on bail, Copeland committed a local CDS on July 22, 1999, and was detained. On October 19, 2001, he was sentenced in New Jersey Superior Court to five years in custody. Copeland completed his federal prison term on December 28, 2001, at which time, he transferred to New Jersey State custody. On August 1, 2002, Copeland was paroled but only one month later, he was sent back to prison as a parole absconder and was subsequently paroled again on January 13, 2003. In February 2003, Copeland was arrested on a local weapons offense and sentenced to three years in state prison. Copeland was paroled again on December 20, 2004, and subsequently arrested for eluding police one month later. On September 30, 2005, he was sentenced in New Jersey Superior Court and received a seven year prison sentence.

As Your Honor can see, Copeland has been in and out of prison since 1999. With regard to the federal supervision matter, our office was never notified of Copeland's release from federal prison to a New Jersey State detainer, and as a consequence, never contacted by our office. We do note, that it was Copeland's responsibility to contact us. In essence, from the time of Copeland's release from federal custody on December 29, 2001, our office had no knowledge of his release and/or whereabouts. Our office was only made aware of Copeland's transgressions in September 2005, when a New Jersey State Probation Officer called to inquire about the offender's criminal history.

If Mr. Copeland was never involved with the State of New Jersey criminal justice system, he would have successfully completed his term of supervised release on December 27, 2004. However, in light of his incarcerations and criminal behavior, a violation of supervised release can be initiated. The term of supervised release, in essence, is still active. Our office is seeking the court's guidance as to whether to initiate violation proceedings or terminate supervision. Based on the above, given the supervision authority of the state parole services, we recommend against same.

We ask Your Honor to make a recommendation, as noted below. If there are further questions or Your Honor should require additional information, please contact the undersigned officer at (973) 645-4692.

Respectfully submitted,

CHRISTOPHER MALONEY, Chief
U. S. Probation Officer

By: Kevin M. Villa
U. S. Probation Officer

( ) The Court recommends that the probation office terminate the offender's supervised release and that no further action needs to be taken. The case shall be closed as without improvement.

(✓) The Court recommends and directs the probation office to initiate violation proceedings.

( ) OTHER: _____

_____   Date: Oct. 27, 2005
(Judge's Name)

/kmv

cc: SUSPO Beth Neugass, Liaison