PROB 12C
(7/93)

# United States District Court

## for

## District of New Jersey

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Ramon Copeland　　　　　　　　　　**Docket Number:** 99-00347-001
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**PACTS Number:** 23971

**Name of Sentencing Judicial Officer:** Honorable Stanley R. Chesler

**Date of Original Sentence:** 04/20/2000

**Violation of Supervised Release:** 01/10/2011

**Modification:** 06/06/2011

**Original Offense:** Possession of a Firearm by a Convicted Felon

**Original Sentence:** 37 months imprisonment; 3 years supervised release; $500 fine and $100 special assessment. Special conditions: 1) drug testing/treatment; and 2) DNA collection.

**Violation Sentence:** 20 days in jail; 3 years of supervised release; $500 fine and $100 special assessment. Special conditions: 1) 6 months placement in halfway house setting, 2) drug testing/treatment, and 3) DNA collection.

**Modification Sentence:** 6 months on home confinement/location monitoring program

**Type of Supervision:** Supervised Release　　　　**Date Supervision Commenced:** 12/28/01
　　　　　　　　　　　　　　　　　　　　　　　　**Date Supervision Recommenced:** 01/28/11

**Assistant U.S. Attorney:** Gurbir Singh Grewal, 970 Broad Street, Room 502 Newark, New Jersey 07102 (973) 645-2700

**Defense Attorney:** Peter M. Carter (AFPD), 1002 Broad Street, Newark, New Jersey 07102, (973) 645-6347

---

## PETITIONING THE COURT

[X] To issue a warrant
[ ] To issue a summons


PROB 12C - Page 2
Ramon Copeland

## DETAILS OF VIOLATIONS:

| Violation Number | Nature of Noncompliance |
| --- | --- |

1   The offender has violated the standard supervision condition which states

**'You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.'**

On September 14, October 11, October 21, and October 28, 2011, the offender submitted urine samples which yielded positive results for marijuana.

2   The offender has violated the special supervision condition which states **'You shall refrain from the illegal possession and use of drugs, including prescription medication not prescribed in your name, and the use of alcohol, and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that you shall submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged by the Court. You shall alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug abuse. The Probation Officer shall supervise your compliance with this condition.'**

The offender failed to report to Code-A-Phone (random drug testing program) on October 6, November 10, November 17, and November 23, 2011.

3   The offender has violated the standard supervision condition which states **'You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.'**

During a telephone conversation on August 1, 2011, the offender stated that he secured employment as a cook and maintenance worker with Burger King on Central Avenue in East Orange. On September 12, 2011, the undersigned conducted an employment visit at the location, and spoke with a cashier and another employee responsible for submitting job applications for potential "hires" to human resources. Both employees denied the offender having any employment with the company.

During the same telephone conversation, the offender claimed he attended physical therapy four days a week, and periodically on Saturdays. On October 5, 2011, the undersigned conducted a personal interview with the offender's chiropractor at East Orange Chiropractic on Evergreen Avenue in East Orange. According to the chiropractor, the offender was instructed to report on Mondays, Wednesdays, and Fridays but he tended to follow his own schedule. The chiropractor was unable to recall instances when the offender reported four times in one week or on a Saturday.

PROB 12C - Page 3
Ramon Copeland

4      The offender has violated the special supervision condition which states '**You are to participate in the Location Monitoring Program. You shall be confined to your residence for a period of 6 months commencing at the direction of the U.S. Probation Office. You shall be required to be at this residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs and at other such times as may be specifically authorized by the U.S. Probation Office. You shall wear a Location Monitoring device and follow all location monitoring procedures. You shall permit the Probation Officer access to the residence at all times and maintain a telephone at the residence without any custom services or portable, cordless equipment. You shall comply with any other specific conditions of home confinement as the Court may require. The U.S. Probation Office may use less restrictive location monitoring technology if the U.S. Probation Office determines that a less restrictive device is available and appropriate.**'

From July 28 to September 12, 2011, the offender was permitted to leave his residence on numerous occasion to work. As outlined in the above violation, the offender was not employed.

On October 2, 2011, the offender left his residence without permission at 12:58pm and returned home at 4:58pm.

The offender was given permission to attend physical therapy on Saturdays; however, his chiropractor was unable to recall any instances when Copeland was treated on a Saturday.

5      The offender has violated the standard supervision condition which states '**You shall not commit another federal, state, or local crime.**'

On December 6, 2011, the offender was arrested by members of the New Jersey State Police for allegedly attempting to elude police, possession of marijuana/hash under 50 grams, possession of a controlled dangerous substance on school property, possession of a controlled dangerous substance with intent to distribute within 500ft of a school zone, and distribution of marijuana. It should also be noted that the offender was operating a motor vehicle without a valid license.

On December 7, 2011, Copeland appeared in Newark Municipal Court for an initial appearance. On December 10, 2011, he was released on a $50,000 unsecured cash bond.

On January 9, 2012, the offender is scheduled to appear in Essex County Superior Court for a predisposition hearing.

PROB 12C - Page 4
Ramon Copeland

I declare under penalty of perjury that the foregoing is true and correct.

By: Jamel H. Dorsey
U.S. Probation Officer

Date: 12/20/11

THE COURT ORDERS:

[✓] The Issuance of a Warrant
[ ] The Issuance of a Summons.  Date of Hearing: _____.
[ ] No Action
[ ] Other

_____
Signature of Judicial Officer

12/21/11
Date